The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> BRYAN ALAN SPARKS <br><br> Defendant. | NO. CR21-00189JLR <br><br> **PROTECTIVE ORDER** |

1. This Protective Order governs all discovery material in any format (written or electronic) that is produced by the government in discovery in the above-captioned case to Defendant Bryan Alan Sparks. A separate order governs materials produced to Defendant Autumn Gail Luna.

2. Discovery in this case is voluminous. Many of these materials and documents include personally identifiable information (PII) such as Social Security numbers, driver's license numbers, dates of birth, addresses, passwords, debit card and credit card account numbers, financial lines of credit numbers, bank account numbers, and personal identification numbers. Redacting the discovery to delete PII prior to production would unnecessarily delay the disclosure of discovery to the defendants and would frustrate the intent of the discovery process.

United States v. Sparks et al.
Protective Order- 1

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3.  Access to discovery material will be restricted to the Defense Team, with the limited exceptions discussed in paragraphs 4 through 7 below. "Defense Team" shall be limited to attorneys of record for the defendants and any of the following people working on this matter under the supervision of the attorneys of record: attorneys, investigators, paralegals, law clerks, testifying and consulting experts, and legal assistants. For purposes of this Order, "Defense Team" does not include the defendants. Defendant's attorney shall inform any member of the Defense Team to whom disclosure of discovery material is made of the existence and terms of this Protective Order. Members of the Defense Team shall not provide copies of any discovery material to any persons outside of the Defense Team, except as specifically set forth below.

4.  Members of the Defense Team shall retain custody of all copies of the discovery material, except as discussed below in paragraph 5. Members of the Defense Team shall use discovery material only for the purpose of preparing a defense to the charges in this action. Members of the Defense Team may review the discovery material with defendants and witnesses for purposes of trial preparation, provided that witnesses may review the material only in the presence a member of the Defense Team and may not take notes regarding the content of the discovery material.

5.  Defense counsel may provide discovery to Defendant Sparks, subject to the following conditions:

   a) Defendant Sparks shall use discovery material only for the purpose of assisting the Defense Team with preparing a defense to the charges in this action;

   b) Defendant Sparks may not provide copies of the discovery material to any third parties and may only review the discovery material either alone or in the presence of the Defense Team;

   c) Defendant Sparks shall only be permitted to review his copy of the discovery material in facilities approved by the Bureau of Prisons for this purpose, on Bureau of Prisons-approved computers, or in hard copies maintained by Bureau of Prisons staff while not in use by the defendant, provided, however, that this limitation shall not apply to discovery that does not contain PII or that had been redacted to remove PII; and

United States v. Sparks et al.
Protective Order- 2

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

d) Defendant Sparks shall not be permitted to maintain a copy of discovery material containing unredacted PII, or any notes made while reviewing that material, in his cell.

6. The United States agrees to provide a redacted copy of the OI-6 Prosecution Report (dated September 23, 2021) prepared by the Social Security Administration's Office of the Inspector General. Pursuant to the terms of paragraph 5, Defendant Sparks may maintain a copy of this redacted document in his cell but may not share the document with anyone outside the Defense Team. The parties agree to meet and confer if defense counsel identifies additional specific documents with PII that defense counsel believes is necessary to redact so that Defendant Sparks may review the identified documents in his cell.

7. Any discovery material containing PII or personal financial information that the Defense Team files with the Court in connection with pre-trial motions, trial, or other matters before the Court, shall either be redacted to remove the PII or personal financial information, or shall be filed under seal and shall remain sealed until otherwise ordered by the Court.

8. This Protective Order may be modified, as necessary, by filing with the Court a Stipulated Order Modifying the Protective Order or by order of the Court.

DATED: May 13, 2022.

JAMES L. ROBART
United States District Judge

Presented by:

*s/ Cindy Chang*
CINDY CHANG
Assistant United States Attorney

United States v. Sparks et al.
Protective Order- 3

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970